HERBERT H. PLUMMER, executor, *vs.* WILLIAM H. EMERY.

Suffolk.   January 25, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Guaranty. Contract,* Construction. *Executor and Administrator. Survival of Suits.*

In an action by an executor on a guaranty in writing, it appeared that by a contract in writing the defendant, reciting that the plaintiff's testatrix had purchased from him certain shares of stock for $2,000, guaranteed the testatrix against loss of principal on such purchase of stock, and agreed to repurchase the stock at the expiration of one year at the same price, providing that if at the end of one year the stock should be worth more than $2,000 the testatrix should sell the stock and pay the defendant in consideration for this guaranty one half of the proceeds of the sale in excess of $2,000.   By a subsequent agreement signed by the parties the contract was extended for three years.   The stock was not readily salable and had no value in the open market until the expiration of the extended time and up to the date of the writ.   The testatrix died and the plaintiff was appointed before the expiration of the period of the guaranty, and it was agreed that the plaintiff acted seasonably in demanding performance of the guaranty and in bringing his action.   *Held,* that the fact that the guaranty contained no words of succession was immaterial as without them the right of action passed to the plaintiff as executor, that the guaranty did not expire with the death of the testatrix as it was continued in force by an express mutual agreement to a date named, and that the facts warranted a finding for the plaintiff.

CONTRACT upon a guaranty in writing against loss on account of a purchase of certain stock given by the defendant to the plaintiff's testatrix.   Writ dated May 7, 1903.

The contract declared on was as follows:

" Memorandum of Agreement made and entered into on this 31st day of January, A. D. 1899, by and between W. H. Emery of Boston in the Commonwealth of Massachusetts, party of the first part, and Emma L. Phillbrook, also of said Boston, party of the second part.

" Witnesseth:

" Whereas the said Emma L. Phillbrook has purchased of said W. H. Emery, five thousand (5000) shares of the capital stock of the Granite Mountain Gold Mining Company, for the sum of two thousand dollars ($2000) and the said W. H. Emery, in consideration of mutual agreements herein contained, hereby and does by this agreement guarantee the said Emma L. Phillbrook against loss of principal on said purchase of said stock; and does further agree, at the expiration of one year from the date of this agreement, to repurchase said stock from said Emma L. Phillbrook for the sum of two thousand dollars (2000.)

" Provided, however, that at the expiration of said term of one year should said stock have advanced in value and be at that time worth any sum in excess of two thousand dollars ($2000), said Emma L. Phillbrook hereby agrees to sell the same, or cause it to be sold, and to pay to said W. H. Emery, as a consideration for his guaranty against loss of principal on the investment, a sum equal to one half of the proceeds of said sale in excess of the sum of two thousand dollars ($2000); or, the said Emma L. Phillbrook may, at her option, keep the said stock and pay to said W. H. Emery, a sum equal to one half the market value of said stock in excess of said sum of two thousand dollars ($2000).

" In witness whereof the said parties have hereunto set their hands and seals on the day and year above written to this agreement and also a duplicate thereof.

" W. H. Emery.   (Seal)
Emma L. Philbrook."   (Seal)

" The foregoing agreement is hereby extended to January 31st, 1903, by mutual consent.

" W. H. Emery.
Emma L. Philbrook."

In the Superior Court the case was submitted to *Hardy*, J. upon an agreed statement of facts.

It was agreed that the plaintiff's testatrix and the defendant executed the above agreement on or about January 31, 1899; that on or about March 1, 1902, without any new or further consideration except the mutuality of the consent, the defendant and the testatrix signed the undated statement at the bottom of the agreement; that the testatrix Emma L. Phillbrook died on December 26, 1902, and the plaintiff was appointed the executor under her will on January 19, 1903; that on January 31, 1903, the stock mentioned in the agreement was not readily salable and had no value in the open market, which condition of affairs continued to the date of the plaintiff's writ; that on or about March 30, 1903, the plaintiff demanded of the defendant the payment of $2,000 which he claimed from the defendant on account of the defendant's guaranty to the plaintiff's testatrix; "that the plaintiff was not personally guilty of laches in making such demand or in the bringing of his writ"; and that if the defendant was liable to the plaintiff at the time of his demand, upon the guaranty contained in the agreement and the extension thereof and upon the facts agreed, judgment might be entered for the plaintiff in the sum of $2,000; if the defendant was not so liable, judgment was to be entered for the defendant.

Upon these facts the judge ordered judgment for the plaintiff in the sum of $2,000, and reported the case for determination by this court.

*J. F. Warren*, for the plaintiff, was not called upon.

*C. C. Bucknam*, for the defendant.

MORTON, J.    This is an action of contract to recover upon a guaranty relating to the sale and purchase of certain stock entered into between the plaintiff's testatrix and the defendant. The case was submitted to the Superior Court upon agreed facts which contained the stipulation that, if the defendant was liable, judgment was to be entered for the plaintiff for $2,000. The presiding judge ordered judgment to be entered for the plaintiff in the sum agreed and reported the case to this court. If the defendant is liable the judgment is to be affirmed; otherwise judgment is to be entered for the defendant.

We think that the judgment should be affirmed.   The defend-

ant contends that the guaranty was to the plaintiff's testatrix personally and that it expired with her. If that is not so he further contends, if we understand him, that the guaranty should be construed as in force for a reasonable time only and that that also expired at her death. He relies for these contentions on *Rotch* v. *French*, 176 Mass. 1, where the opinion it should be noted was by a majority of the court. The guaranty runs, it is true, to Emma L. Phillbrook, the plaintiff's testatrix, without mentioning her heirs, executors, administrators or assigns. But the guaranty is an absolute one " against loss of principal on said purchase of said stock," differing in that respect from the guaranty in *Rotch* v. *French, supra*, and there is no reason why it should not pass as a part of her estate to her executor. The fact that there are no words of succession in the guaranty does not prevent it from passing since the executor succeeds *qua* executor to the personal estate of his testator and the rights of action growing out of it.

There is no ground for the defendant's contention that the guaranty continued in force for a reasonable time only. By mutual agreement between the defendant and the plaintiff it was extended to January 31, 1903. The plaintiff's testatrix died December 26, 1902, and on or about March 30, 1903, the plaintiff demanded of the defendant payment of $2,000, which he claimed to be due the estate under the guaranty. The agreed facts state that the stock mentioned in the agreement " was not readily salable and had no value in the open market " and that that condition of affairs continued to the date of the plaintiff's writ. And it is also agreed " that the plaintiff was not personally guilty of laches in making such demand or in the bringing of his writ."

It is plain we think that the finding of the presiding judge in favor of the plaintiff was well warranted.

*Judgment affirmed.*